UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WESLEY D. PIERCE | * | CIVIL ACTION |
| VERSUS | * | NO. 21-1262  DIV. (2) |
| JONATHAN PORTER, ET AL. | * | MAG. JUDGE CURRAULT |

## ORDER AND REASONS

This matter was referred for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties.  ECF No. 82.

Before me is a Motion to Dismiss for Failure to State a Claim filed by Defendant CorrectHealth St. Tammany, LLC.  ECF No. 73.  Plaintiff Wesley Pierce timely filed an Opposition Memorandum.  ECF No. 80.  CorrectHealth sought leave and filed a Reply Memorandum.  ECF Nos. 84-86.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, CorrectHealth's motion to dismiss is DENIED for the reasons stated herein.

## I.   BACKGROUND

Plaintiff Wesley Pierce originally filed a *pro se* § 1983 complaint alleging, among other things, that he was sexually abused by his counselor Jonathan Porter while incarcerated at St. Tammany Parish jail.  ECF No. 3.  Plaintiff's § 1983 claims were dismissed against some defendants, but allowed to proceed against others.  ECF No. 46.  The Court subsequently granted Plaintiff's Motion to Appoint Counsel, and counsel sought leave and filed an Amended Complaint. ECF Nos. 52, 64, 65.

In the First Supplemental and Amendment Complaint, Plaintiff alleges that his counselor Porter began sexually abusing him in February or March of 2020, and continued to abuse him

1

weekly through his release in October 2020.  ECF No. 65   ¶¶ 11, 19, 21.  Plaintiff alleges that

Wellpath, which originally had the medical services contract at St. Tammany Parish jail, employed

Porter, and after CorrectHealth took over the medical contract from Wellpath, it employed Porter

from July 1, 2020 until his termination on July 9, 2021.  *Id*. ¶¶ 12, 13.

CorrectHealth filed a Rule 12 motion to dismiss.  ECF No. 73.  It argues that the alleged

abuse occurred before it took over the medical services contract in July 2020, and that Porter was

no longer working at the facility when Plaintiff returned in November 2020.  ECF No. 73-1 at 1.

In support of its motion, CorrectHealth relies on Plaintiff's testimony during the *Spears* hearing as

well as Plaintiff's medical records.  ECF Nos. 44, 73-4 (medical records).  CorrectHealth argues

that consideration of the medical records is proper under Rule 12 and that Plaintiff did not see

Porter after it took over on July 1, 2020.  ECF No. 73-1 at 2-4.  It further argues that Plaintiff has

not sufficiently alleged a § 1983 official policy/pattern or practice claim against CorrectHealth,

nor has he sufficiently alleged a failure to train claim.  *Id.* at 5-8.

In Opposition, Plaintiff argues that his First Amended Complaint sets forth sufficient

factual allegations that Porter sexually abused Plaintiff while employed by CorrectHealth, the

Court cannot consider Plaintiff's medical records in ruling on a motion to dismiss, and the medical

records are incomplete insofar as they reflect only physical issues, not mental health records or

visits.  ECF No. 80 at 3-6.  Plaintiff further argues that he has not improperly lumped Wellpath

and CorrectHealth together, but rather, has stated identical claims against these two employers.

*Id.* at 6-7.

In its reply, CorrectHealth argues that Plaintiff's Amended Complaint cannot contradict

his sworn *Spears* testimony in which he previously stated he did not remember the dates of abuse

and would need to rely on the medical records, and defendant provided the medical records on

March 9, 2023.  ECF No. 86 at 1-2.  CorrectHealth repeats its argument that Plaintiff fails to allege a *Monell* claim against it, it cannot be held vicariously liable for Porter's actions under § 1983, Plaintiff improperly lumps CorrectHealth together with Wellpath, he has not adequately pled a failure to train claim, and he should not be granted leave to amend because he has already amended his complaint through the *Spears* hearing.  *Id.* at 3-7.

## II.    APPLICABLE LAW AND ANALYSIS

### A.  Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."  "A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit."[1]  Rather, it tests whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[2]  When a plaintiff is proceeding *pro se*, the pleading must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."[3]

The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[4]  Thus, it is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[5]  If the "facts" alleged are

---

[1] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).
[2] *Id.*
[3] *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (internal quotation and citations omitted).
[4] *Twombly*, 550 U.S. at 555 (citation omitted).
[5] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.

"merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[6]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"— "that the pleader is entitled to relief."[7]

"The complaint need not contain detailed factual allegations, but it must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[8]  The complaint must include enough factual matter to raise a right to relief above the speculative level[9] and provide a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[10]  Although all well-pleaded facts are accepted as true and the complaint is considered in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[11] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[12]  "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[13]

---

[6] *Iqbal,* 556 U.S. at 678 (citation omitted).

[7] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

[8] *Iqbal*, 556 U.S. at 678 (citations omitted).

[9] *Twombly*, 550 U.S. at 555.

[10] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 545).

[11] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).

[12] *Iqbal*, 556 U.S. at 678 (quoting FED. R. CIV. P. 8(a)(2)).

[13] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations and citation omitted).

Although a complaint that simply lumps defendants together and asserts identical allegations as to each without distinction is improper under *Iqbal* and *Twombly* because it prevents the Court from discerning which defendants are allegedly responsible for which allegedly unlawful actions,[14] this is not that situation.  Here, Plaintiff alleges that both Wellpath and CorrectHealth committed the same misconduct, but that they did so sequentially, with Wellpath engaging in such conduct before July 1, 2020 and CorrectHealth doing same after its assumption of the medical service contract on July 1, 2020.  Thus, Plaintiff's allegations as to CorrectHealth are clear and relate to the same alleged conduct occurring between July 1, 2020 through July 9, 2021.

### B.   Consideration of Documents Beyond the Complaint

In ruling on a Rule 12(b)(6) motion, the court may consider not only the allegations in the Complaint, but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[15] In addition, the court may consider any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[16]   Plaintiff's *Spears*[17] testimony

---

[14] *See, e.g., Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (noting that "[l]iability is personal" and affirming dismissal of complaint alleging collective responsibility as to all defendants); *see also Zola H. v. Snyder*, No. 12-14073, 2013 WL 4718343, at *7 (E.D. Mich. Sept. 3, 2013) (dismissing complaint that lumped defendants together and failed "to impute concrete acts to specific litigants") (citation omitted).

[15] *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) (citation omitted) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation omitted) (stating a court may consider Complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

[16] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F. Supp. 3d 799, 815 (S.D. Tex. 2017), *aff'd sub nom. Lampkin v. UBS Fin. Servs., Inc*., 925 F.3d 727 (5th Cir. 2019).

[17] In *Spears v. McCotter*, the Fifth Circuit authorized an evidentiary hearing to supplement and elaborate on often inartful pleadings or questionnaires sometimes sent to prisoners.  766 F.2d 179, 181-82 (5th Cir. 1985) (citing *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976)) ), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).  The questions and answers are considered the equivalent of a response to a 12(e) motion.  *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991), *on reh'g* (Apr. 10, 1991).

becomes part of the complaint,[18] and a complaint, as amended by *Spears* testimony, may be dismissed pursuant to a Rule 12(b)(6) motion.[19]

When documents outside of these specified items are presented to the court and not excluded, the court must convert the  Rule 12 motion into a Rule 56 motion and provide all parties with a reasonable opportunity to present all the material that is pertinent to the motion. FED. R. CIV. P. 12(d).  Plaintiff's medical records are not part of his complaint and may not be considered on a Rule 12(b)(6) motion without converting the motion to a Rule 56 motion.[20] Further, a defendant may not use medical records to refute a plaintiff's testimony at a *Spears* hearing.[21]  In this case, the Court declines to convert the Rule 12 motion into a Rule 56 motion for summary judgment, and therefore, excludes from consideration the medical records.

### C.  Contradictions in Complaints and Amended Complaints

CorrectHealth argues that Plaintiff may not amend his complaint to contradict the factual allegations of his prior complaint, as amended through his *Spears* testimony.  CorrectHealth's authority for that proposition is inapposite, however, because that case involved allegation of deliberate indifference to medical needs, which is one circumstance in which medical records may be considered to refute *Spears* testimony or allegations during the statutory review.[22]  In this case,

---

[18] *See Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996) (explaining that testimony from a *Spears* hearing becomes part of the complaint) (citation omitted); *Adams v. Hansen*, 906 F.2d 192, 194 (5th Cir.1990) (noting that *Spears* testimony is in the nature of an amended complaint or more definite statement).

[19] *Jackson v. Vannoy*, 49 F.3d 175, 176–77 (5th Cir. 1995) (footnotes omitted).

[20] *Zantiz v. Seal*, 602 F. App'x 154, 160-161 (5th Cir. 2015) (holding that a prisoner's medical records could not be considered in ruling on a motion to dismiss and noting that that the cases where medical records are considered have involved either dismissing a prisoner's *in forma pauperis* lawsuit as frivolous or a qualified immunity issue, but noting there are no cases where courts consider medical records at the motion to dismiss stage without converting the motion into a motion for summary judgment); 5C ARTHUR R. MILLER, MARY K. KANE & A. BENJAMIN SPENCER, FED. PRAC. & PROC. CIV. § 1366 (3d ed.) ("Once the district court decides to accept matters outside of the pleadings, the presence of the word 'must' [formerly 'shall'] in subdivision (d) of Rule 12 indicates that the judge must convert the motion to dismiss into one for summary judgment and that is what has been done in a vast array of cases, especially when the district court actually considers the contents of this material in deciding the motion." (footnote omitted)).

[21] *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (citing *Williams v. Luna*, 909 F.2d 121, 124 (5th Cir. 1990)).

[22] *Gobert v. Caldwell*, 463 F.3d 339, 347 n.24 (5th Cir. 2006) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.") (citing *Banuelos v. McFarland*, 41

the medical records are not sought to be used in relation to allegations of deliberate indifference to medical needs.

Moreover, the general rule in the Fifth Circuit is that statements in superseded pleadings are no longer treated as judicial admissions,[23] "even when the proposed amendment flatly contradicts the initial allegation" or where it is obvious that the changes were for the purpose of avoiding dismissal.[24] Indeed, plaintiffs routinely amend complaints to correct factual inadequacies in response to a motion to dismiss.[25] The superseded allegations may, however, be considered as evidence at the summary-judgment or trial stage.[26]

### D. CorrectHealth's Vicarious Liability

CorrectHealth seeks dismissal of Plaintiff's claims on the basis that it cannot be held vicariously liable for Porter's alleged misconduct and Plaintiff has not sufficiently alleged a *Monell* claim. Under *Monell,* to establish a § 1983 claim against a municipality, a plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom.[27] These elements are necessary "to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself."[28]

---

F.3d 232, 235 (5th Cir. 1995) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193–95 (5th Cir. 1993); *Bejaran v. Cruz*, 79 F. App'x. 73, 74 (5th Cir. 2003) (stating that "Bejaran's admission in his complaint that the prison medical staff took x-rays of his back and ... gave him 'generic,' 'mild medications' refute his assertion of deliberate indifference to his medical needs")).

[23] *See Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 101 (5th Cir. 1993) (refusing to consider factual allegations in the original complaint that were "amended away" by the amended complaint) (citations omitted); *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (citing *Hibernia* and collecting cases from the First, Seventh, and Ninth Circuit Courts of Appeals).

[24] *W. Run Student Hous. Assocs.*, 712 F.3d at 172.

[25] *See* 6 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1474 (3d ed. 2021).

[26] *White  v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983).

[27] *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

[28] *Piotrowski*, 237 F.3d at 578 (5th Cir. 2001) (citations omitted).

In this case, Plaintiff has alleged a litany of CorrectHealth policies that he contends was the moving force behind his continued sexual abuse by Porter.  ECF No. 65 ¶¶ 26-45.  Further, although a municipality may not be vicariously liable for an employee's conduct in violation of § 1983, when an employee commits a viable underlying tort (such as battery or negligence), Louisiana law imposes vicarious liability on the employer for the acts of its employees.[29] Accordingly, Plaintiff's amended complaint sets forth sufficient facts to state a claim against CorrectHealth for vicarious liability based on its employee's tortious misconduct.

## III.  **CONCLUSION**

The amended complaints include factual assertions that CorrectHealth's employee Porter sexually assaulted Plaintiff weekly, continuing through his release in October 2020.  ECF No. 65 ¶¶ 13, 19, 20, 21.  CorrectHealth took over from Wellpath on July 1, 2020, and employed Porter from that date through July 9, 2021, during which Porter was able to continue his sexual abuse of Plaintiff as a result of CorrectHealth's deliberate indifference and policies or customs governing staff interactions with incarcerated patients.  *Id.*  The amended complaint also includes sufficient allegations to support imposition of vicarious liability.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 73) is DENIED

New Orleans, Louisiana, this ____8th____ day of June, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[29] *Danks v. Grayson*, ____ F. Supp. 3d ____, No. 21-1806, 2022 WL 4119761, at *14 (E.D. La. Sept. 9, 2022) (citing *Deville v. Marcantel*, 567 F.3d 156, 174 (5th Cir. 2009) ("Municipalities do not enjoy special protection from vicarious liability under Louisiana law and are subject to respondeat superior like every other employer.")).